# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LILIAN MARTINEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0591 |
| | § | |
| GLOBAL FINANCIAL SERVICES, | § | |
| L.L.C., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Lilian Martinez filed this lawsuit alleging that Defendant Global Financial Services, LLC ("Global") violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime compensation. The case is now before the Court on Global's Motion for Summary Judgment ("Motion") [Doc. # 32], to which Plaintiff filed a Response [Doc. # 33], and Defendant filed a Reply [Doc. # 34]. Having reviewed the full record and having applied the governing legal standards, the Court **denies** Defendant's Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Global is a financial services company specializing in fixed income investments. Plaintiff was hired in August 2003 to work for Global as a sales assistant for Robert Benjamin, Global's managing director.

Plaintiff alleges that she regularly worked more than forty hours per week and that Defendant failed to pay her overtime compensation for the hours she worked in excess of forty per week. Defendant asserts that Plaintiff was an exempt "administrative" employee and, therefore, was not entitled to overtime compensation under the FLSA. Defendant also argues that Plaintiff cannot establish that she worked more than forty hours during any work week. On these two bases, Defendant moved for summary judgment. The Motion is now fully briefed and ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Auth.*, 417 F.3d 495, 501 (5th Cir. 2005). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). *Id.* The court construes all facts and considers all evidence in the light most favorable to the

nonmoving party.  *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

## III.   ANALYSIS

### A.   "Administrative" Exemption

The FLSA requires employers to pay their employees overtime compensation for all hours worked in excess of forty hours per work week.  *See* 29 U.S.C. § 207(a); *Lott v. Howard Wilson Chrysler Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000). The FLSA exempts from this requirement those employees who work, *inter alia*, in bona fide administrative positions.  *See* 29 U.S.C. § 213(a)(1); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006).  FLSA exemptions are construed narrowly, and the employer bears the burden of proving that the employee is exempt. *Id.*  Questions of historical fact and the inferences to be drawn from those historical facts are fact issues.  *See Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 402 (5th Cir. 2002).  The "ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law."  *Cheatham*, 465 F.3d at 584 (quoting *Lott*, 203 F.3d at 331).

The FLSA regulations define "employee employed in a bona fide administrative capacity" for purposes of the administrative exemption to mean an employee who is paid not less than $455.00 per week; whose "primary duty is the

performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and whose "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). It is undisputed that Plaintiff was paid more than $455.00 per week and that her primary duty was to perform office work directly related to Global's general business operations.

The parties dispute, however, whether Plaintiff's primary duty required the necessary discretion and independent judgment. "The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises." 29 C.F.R. § 541.202(b). "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). The exercise of discretion and independent judgment for purposes of the administrative exemption "does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." 29 C.F.R. § 541.202(e).

The parties describe Plaintiff's job responsibilities differently, and the conflicting evidence creates a fact dispute that precludes summary judgment.

Defendant focuses on Plaintiff's ability to structure her own day, her responsibility for opening accounts, and her interaction with clients. Plaintiff's evidence indicates that her activities in connection with opening accounts did not involve discretion or independent judgment but were, instead, ministerial data entry. Similarly, Plaintiff notes that her interaction with clients involved greeting them and answering questions regarding the clients' account status. Plaintiff presented evidence that she did not have the authority to buy or sell stock for a client, that she could not open an account except when directed by Benjamin or one of the managing stockbrokers, that she could not bind Global financially, and that she did not supervise other employees.

The evidence in the record raises a genuine issue of material fact regarding whether Plaintiff's primary job duties for Global involved the level of discretion and independent judgment required for the administrative exemption to apply. As a result, Global's Motion for Summary Judgment on this basis is denied.

### B.     Hours Worked

Defendant also argues that it is entitled to summary judgment because Plaintiff cannot prove that she worked more than forty hours in any work week. Plaintiff has the burden to prove by a preponderance of the evidence that she actually worked hours for which she did not receive overtime compensation. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). In this case, it is undisputed that

Global did not maintain adequate records reflecting the hours Plaintiff and other employees worked.[1] As a result, Plaintiff's initial burden is to produce "some evidence to show the amount and extent" of the hours worked as a matter of "just and reasonable inference." *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Grunberg v. City of New Orleans*, 38 F.3d 568, 1994 WL 574194, * 2 (5th Cir. 1994). "The burden then shifts to the employer to 'disprove the employee's testimony that the Act was violated.'" *Beliz*, 765 at 1330. The employer must produce evidence to negate "the reasonableness of the inference to be drawn" from the plaintiff's evidence." *Id.* If the employee makes a credible showing that she worked hours for which she was not paid overtime compensation, "the employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of" the FLSA. *Id.* In such circumstances – where both the employer and the employee failed to keep adequate records – the employee is entitled to satisfy her burden of proof with "admittedly inexact or approximate evidence." *Id.* at 1331.

---

[1] The FLSA requires employers to keep accurate records of the hours worked by their employees. *See* 29 U.S.C. § 211(c).

In this case, Defendant seeks summary judgment based on Plaintiff's deposition testimony that she could not identify by precise dates any week in which she worked more than forty hours. Because Global failed to maintain adequate records as required by the FLSA, Plaintiff is required to present evidence, even if inexact or approximate, to show the hours she worked only as a matter of "just and reasonable inference." Plaintiff has presented sworn testimony that she worked more than forty hours most of the weeks she was employed by Global. Indeed, Plaintiff testified in her deposition that she worked more than forty hours almost every week. This evidence satisfies Plaintiff initial burden for purposes of her FLSA claim and, as a result, Defendant is not entitled to summary judgment.

## IV.    **CONCLUSION AND ORDER**

The record contains conflicting evidence regarding Plaintiff's job responsibilities and whether she worked more than forty hours in any specific week. As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 32] is **DENIED**. The case remains scheduled for docket call on March 21, 2008, and the parties are reminded that they must participate in mediation prior to that date.

SIGNED at Houston, Texas, this 4th day of **January, 2008**.

_____
Nancy F. Atlas
United States District Judge